UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

**DONNELL SUMMERSETT**

v.                    696CR004

**UNITED STATES OF AMERICA**

## ORDER

On 2/4/08, the Court granted defendant Donnell Summersett's F.R.Cr.P. 36 motion to correct the record in this case. The defendant is presently serving a 1996-imposed life sentence for conspiracy to possess with intent to distribute and to distribute cocaine base and cocaine hydrochloride. In 1/08 Summersett moved to correct the record and this Court agreed that in 1996 it had intended to adopt a sentencing guideline total offense level of 44, yet had erroneously written "46" in its judgment. Doc. # 808 (2/4/08 Order) at 1; doc. # 809 (Amended Judgment).

Moving under F.R.Civ.P. 59(e)[1] to alter or amend that 2/4/08 judgment, Summersett complains that the Court should have reached the merits of his claim. His argument has several loops to it but basically is premised on the Court's "real" intent to set the total offense level at 42 instead of 44. Doc. # 812. He also contends that the corrected judgment improperly increased his fine, thus violating the Constitution's *Ex Post Facto* clause. *Id.*

The Court did not intend to sentence Summersett to a total offense level of 42, but rather a total offense level of 44, and that is reflected in the amended judgment. For that matter, Rule 36 (clerical error) does not provide for substantive alterations to a criminal sentence, but only for correction of transpositional (hence, ministerial) errors -- precisely what has transpired here -- so the Court could not (under that rule) make such a change at this juncture in any event.[2]

Note that Summersett's original criminal judgment (entered 10/11/96, 696CR004 # 390) and his amended criminal judgment (entered 2/4/08, doc. # 809) reveal that the Court intended to, and did impose, the same fine each time: $25,000 as to Count One. Summerset's "fine interest" argument is flawed. He contends that (1) the Court's 1996 judgment applied the 1987 version of 18 U.S.C. § 3612(f); and (2) under that version, a defendant faced interest only for willful non-payment of the fine, and only after a judicial determination that his nonpayment was "willful." Doc. # 816 at 3. In contrast, he further complains, the 2/4/08 judgment exposes him to interest merely by failing to pay the fine within 15 days. *Id.* This, in turn, violates the *Ex Post Facto* Clause. *Id.*

The Court disagrees. First, the 1987 statute, which was applied in the 1996 judgment, *eliminated* the "willful nonpayment" language. *See* Pub.L.No. 100-85, § 11, 101 Stat. 1283, 1284. Summerset erroneously references the statute's "willful nonpayment" language -- as it was codified in *1984*. *See* Pub.L.No. 98-473, Title II, § 212(a)(2), 98 Stat. 2004, 2005. He is thus relying upon a statutory provision that was defunct by the time he was sentenced in 1996.

For that matter, this Court's original (1996)

---

[1] Summersett invokes a Federal Rule of Civil Procedure, but those rules do not apply in criminal cases. *See, e.g., U.S. v. Gorko*, 2007 WL 1461445 at * 1 (M.D.Pa. 5/15/07) (unpublished). It is true that 28 U.S.C. § 2255 motions contemplate resort to the F.R.Civ.P., but only in limited circumstances, *see* § 2255 Rule 12, and in any event neither Summersett's underlying nor latest motion invokes § 2255. At most he may resort to F.R.Cr.P. 36 in this, a continuation of his *criminal* case. Rule 36, however, authorizes *ministerial*-error correction only.

[2] Indeed, "[d]istrict courts have limited power to revisit sentences after they are imposed. Once a court sentences a criminal defendant, it has jurisdiction to continue hearing related issues only when authorized by statute or rule." *U.S. v. Goode*, 342 F.3d 741, 743 (7th Cir. 2003).

judgment's preprinted verbiage required Summersett to pay

> interest on any fine of more than $2,500, unless the fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

Doc. # 390 at 5.[3] Consequently, Summersett faced the 15-day rule when the Court originally sentenced him in 1996. Consistent with that, the Court's 2/4/08 Amended Judgment specifies:

> The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default pursuant to 18 U.S.C. § 3612(g).

Doc. # 809 at 6. Therefore, the Court was consistent and its judgment complied with controlling law. Summersett's "interest" argument thus fails, and his remaining arguments are without merit.

Accordingly, defendant Donnell Summersett's F.R.Civ.P. 59(e) motion (doc. # 812) is **DENIED** procedurally (*see supra* n. 1) and on the merits.

This  21  day of May, 2008.

*/s/ B. Avant Edenfield*
B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[3] The statute itself currently specifies:

> (f) Interest on fines and restitution.--
>
> (1) In general.--The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine is paid in full before the fifteenth day after the date of the judgment. If that day is a Saturday, Sunday, or legal public holiday, the defendant shall be liable for interest beginning with the next day that is not a Saturday, Sunday, or legal public holiday.

18 U.S.C. § 3612(f).