UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

DONNELL SUMMERSETT

v.					696CR004

UNITED STATES OF AMERICA

## ORDER

On 2/4/08, the Court granted defendant Donnell Summersett's F.R.Cr.P. 36 motion to correct the record in this case. The defendant is presently serving a 1996-imposed life sentence for conspiracy to possess with intent to distribute and to distribute cocaine base and cocaine hydrochloride. In 1/08 Summersett moved to correct the record and this Court agreed that in 1996 it had intended to adopt a sentencing guideline total offense level of 44, yet had erroneously written "46" in its judgment. Doc. # 808 (2/4/08 Order) at 1; doc. # 809 (Amended Judgment).

Summersett then moved under F.R.Civ.P. 59(e)[1] to alter or amend that 2/4/08 judgment, which this Court denied. Doc. # 829. Moving for reconsideration of *that* ruling (*i.e.*, doc. # 829) defendant reasons

> that the Court has inadvert[e]ntly overlooked his alternative request. If the Court finds that it did not intend to make a ministerial error in imposing a level 44, then Summerset ask the Court to consider whether it was the Court's intention and/or ministerial error to have overlooked that the guidelines limits the Court's sentence to a level 43.

Doc. # 837. Of course, that's just another way of raising a *substantive*, rather than ministerial error -- something Summersett cannot do under Rule 36 -- and he points to no other authority authorizing this Court to otherwise address it.[2] His latest motion (doc. # 837) therefore is ***DENIED***.

This  16  day of June, 2008.

*/s/ B. Avant Edenfield*
B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[1] Summersett invoked a Federal Rule of Civil Procedure, but those rules do not apply in criminal cases. *See, e.g., U.S. v. Gorko*, 2007 WL 1461445 at * 1 (M.D.Pa. 5/15/07) (unpublished). It is true that 28 U.S.C. § 2255 motions contemplate resort to the F.R.Civ.P., but only in limited circumstances, *see* § 2255 Rule 12, and in any event neither Summersett's underlying nor latest motion invokes § 2255. At most he may resort to F.R.Cr.P. 36 in this, a continuation of his *criminal* case. Rule 36, however, authorizes *ministerial*-error correction only.

[2] Indeed, "[d]istrict courts have limited power to revisit sentences after they are imposed. Once a court sentences a criminal defendant, it has jurisdiction to continue hearing related issues only when authorized by statute or rule." *U.S. v. Goode*, 342 F.3d 741, 743 (7th Cir. 2003).