UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

DONNELL SUMMERSET,

Movant,

v.  600CV078
    (696CR004)

UNITED STATES OF AMERICA,

Respondent.

## ORDER

Before the Court is inmate Donnell Summerset's F.R.Civ.P. 60(b) motion, civ. doc. # 52, cr. doc. # 908,[1] in which he seeks a vacatur of a prior Order wherein the Court construed his motion for "writ of error *audita querela*" as a 28 U.S.C. § 2255 motion and dismissed it as successive, cr. doc. # 875. Summerset invokes provisions (1) and (6) of F.R.Civ.P. 60(b) as his particular grounds for relief. Civ. doc. # 52 at 3. The government filed a response, civ. doc. # 53, to which Summerset replied, civ. doc. # 55.[2]

Subsection (b)(1) of Rule 60(b) allows for relief from a final judgment or order due to "mistake, inadvertence, surprise, or excusable neglect," while subsection (b)(6) is a catch-all provision, covering situations involving "any other reason that justifies relief." F.R.Civ.P. 60(b)(1) & (b)(6).

According to Summerset, this Court "'inadvert[e]ntly' overlooked" the fact that a sentencing disparity-based challenge may not be made using a § 2255 motion. Civ. doc. # 52 at 4. He argues that since § 2255 was not actually an available method for his challenge, he was entitled to relief pursuant to a writ of error *audita querela. Id.* Thus, he urges the Court to reconsider its Order construing his motion as a § 2255 motion, since § 2255 was not actually available to him.

Summerset has not satisfied subsection (b)(1), as this Court did not inadvertently overlook this legal argument. Quite to the contrary, the Court explicitly addressed the suitability of § 2255 as a vehicle for this type of claim: "Where a defendant attacks his sentence as violating the Constitution, the proper avenue of relief is § 2255." Cr. doc. # 875 at 1. Moreover, Summerset presented a full argument on this theory to the Court in his motion for reconsideration. *See* cr. doc. # 876 at 2-3 ("'A motion under 28 U.S.C. § 2255 is not the place to complaint of a sentencing disparity.['] *See [U.S.] v. Walker*, 68 F.3d 931, 934 (5th Cir. 1995). Therefore, the Government's argument, that this writ is cognizable under § 2255 is fatally flawed and, thus, this Court is believed to have erred in adopting the Government's position."). After considering that argument, the Court nonetheless determined that the motion for reconsideration should be denied. Cr. doc. # 877.

Likewise, Summerset has not satisfied subsection (b)(6), which requires a showing "that the circumstances are sufficiently extraordinary to warrant relief." *Toole v. Baxter Healthcare Corp.*, 235 F.3d 1307, 1317 (11th Cir. 2000). As explained above, Summerset has presented nothing new justifying relief from the Court's original Order.

---

[1] All docket-entry citations beginning with "civ. doc." are to 600CV078, while all docket citations beginning with "cr. doc." are to 696CR004.

[2] Summerset's motion for extension of time to reply to the government's response is *GRANTED*. Civ. doc. # 54.; cr. doc. # 913.

For the foregoing reasons, Donnell Summerset's motion for Rule 60(b) relief is *DENIED*. Civ. doc. # 52; cr. doc. # 908.

This day of 25 November 2009.

/s/ B. Avant Edenfield
B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA