# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF GEORGIA

## STATESBORO DIVISION

DONNELL SUMMERSET,      )
                        )
    Movant,      )
                        )
v.                      )      Case No.   CV612-047
                        )                CR696-004
UNITED STATES OF AMERICA,      )
                        )
    Respondent.      )

## <u>REPORT AND RECOMMENDATION</u>

Donnell Summerset has submitted for filing his third 28 U.S.C. § 2255 motion attacking the same drugs-based conviction that he previously challenged under § 2255. CR696-004, doc. 1013; *see also* doc. 390 (original judgment); doc. 546 (first § 2255 motion); docs. 637 (denied), *aff'd,* doc. 692; doc. 701 (second § 2255 motion); doc. 739 (denied); docs. 808 & 809 (amending judgment to correct clerical error). Since this is a successive § 2255 motion, Summerset must first "move in the appropriate court of appeals for an order authorizing the district court to consider the application." [1] 28 U.S.C. § 2244(b)(3)(A); *see* 28 U.S.C. § 2255(h)

---

[1] He claims that he is entitled to relief pursuant to *Depierre v. United States*, ___ U.S. ___, 131 S. Ct. 2225 (2011). Doc. 1013 at 3-5. The Court takes no position on the

(cross-referencing § 2244 certification requirement).

In fact, district courts *must* dismiss second or successive petitions, without awaiting any response from the government, absent prior approval by the court of appeals. *Levert v. United States*, 280 F. App'x 936, 936 (11th Cir. 2008) (per curiam) ("Without authorization, the district court lacks jurisdiction to consider a second or successive petition."); *Hill v. Hopper*, 112 F.3d 1088, 1089 (11th Cir. 1997) (same); *Mattox v. United States*, 2012 WL 555799 at *1 (11th Cir. 2012) ("When a prisoner has previously filed a § 2255 motion ..., he must apply for and receive permission from us before filing a successive § 2255 motion") (quotes and cite omitted).

Because Summerset has filed this latest § 2255 motion without prior Eleventh Circuit approval, this Court is without jurisdiction to consider it. Consequently, it should be **DISMISSED** as successive. Applying the Certificate of Appealability ("COA") standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009) (unpublished), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); *see Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (approving *sua*

retroactivity of that case or its application to Summerset.

*sponte* denial of COA before movant filed a notice of appeal). And, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal should likewise be **DENIED**. 28 U.S.C. § 1915(a)(3).

**SO REPORTED AND RECOMMENDED** this *13* day of June, 2012.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA